Mr. Justice Cox
delivered the opinion of the court.
On the 22d of June, 1877, Andrew and Michael Runstetler, brothers, entered into an agreement with the defendants Deere and Mansur, for certain considerations named, to work for them for five years from August 1, 1877, in a shop to be established by them, for the manufacture of corn planters and other implements, and further agreed to assign their rights in all patents on corn planters named the “Diamond Planter,” and “that all improvements they have made or may make in said planter or other implements during their term of five years, shall be the property of said Chas. H. Deere and Alvah Mansur and their associates.”
In the summer of 1878, during this connection, certain improvements were made in corn planters, in the shop of Deere, Mansur & Co. These complainants claim to have *383 been the joint inventors of the impi’ovements. On the other hand, the defendants, Deere and Mansur, claim that James "W. Atkinson, an officer of their company, was the sole inventor, and assigned the invention to them. They subsequently, as such assignees, received a patent for the improvements in question. Whichever account was correct, the result was, at first the same. By virtue of the agreement of the Bunstetlers, before referred to, the invention, if theirs, became the property of Deere, Mansur & Co. But on the 29th of March, 1879, it was agreed between the Runstetlers and the defendants, Deere, Mansur & Co., that so far as Michael Runstetler was concerned, the former agreement “ is hereby cancelled and held for naugM, and is to be regarded as if the same had never been made ; but this agreement and cancellation shall not in any way disturb or affect said agreement so far as the said Andrew is concerned.”
In September, 1879, Atkinson applied for a patent to be issued to the defendants, Deere, Mansur & Co., as his assignees, and it was accordingly so issued on the 9th of March, 1880.
The Bunstetlers subsequently applied for a patent for the same invention, and were put in interference with Atkinson’s patent, and their application was at length rejected. They have filed this bill asking the court to decree that a patent shall issue to them.
If we assume that the Bunstetlers were really the first inventors of the improvements in question, as they claim to be, there are still difficulties about granting them the relief prayed for.
By virtue of the agreement of June, 1877, the invention became the property of the defendants, Deere, Mansur & Co. That agreement was rescinded only so far as Michael was concerned. Whatever rights to this invention accrued to him by this rescission, it is plain that the property in it did not become vested in him and Andrew jointly. Consequently they were not entitled to have a joint patent issued to them, for their own benefit, for it. But that is ex *384 actly what they are seeking by this bill to have done. It is a bill claiming to have a joint patent issued to them, an invention in which Andrew has confessedly no interest, and in which whatever interest he ever had belongs to the defendants, Deere, Mansur & Co.
It may be said, and was hinted in argument, that the application for a patent must be made in the name of the inventor, notwithstanding an assignment, and that the patent should be issued in the case to both Michael and Andrew Runstetler, although as far as Andrew’s undivided interest is concerned, it would be for the benefit of Deere, Mansur & Co.
It is true that the application to the Patent Office must be made in the name of the inventor, but if the invention has been assigned the patent issues to the assignee, and, as in the case of Atkinson, the application ought to be that the patent issue to the assignee. But that is not the scheme of the present bill, -which prays for a patent to the complainants, treats the defendants, Deere, Mansur & Co., as wrongful and fraudulent holders of their patent, and ignores wholly their rights to any interest in the invention.
It is further true that an assignment which would entitle the assignee, under the statute, to have the patent issue directly to himself, must be a formal assignment of a completed invention, and the agreement in this case is simply an executory agreement that further inventions shall be the property of the intended assignee. But the present application is not to the Patent Office, but to a court of equity, and a court of equity will regard that as done which was agreed to be done, and specifically enforce such an agreement, by requiring a party to do everything necessary to make it effectual, viz.: to execute a formal assignment and to make the necessary application for the patent. Above all, a court of equity will not aid the inventor to obtain a patent for himself in direct violation of his agreement transferring the property in his invention. It must be evident, therefore, that Andrew Runstetler has no standing in this court as a claimant for this patent.
*385 The invention is claimed as a joint one, neither one of the inventors could claim a patent to himself alone, so that no bill by the Runstetlers claiming jointly or severally can be sustained.
With these views we must affirm the decree below without finding it necessary to decide as between the parties which of them originated the invention described in the case.